UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-3532(DSD/SRN)

Jesse D. Fabio, on behalf of
himself and all others
similarly situated,

   Plaintiff,

v.                  **ORDER**

Law Offices of Richard D.
Seierstad, Esq., Richard
Seierstad, and J.C. Christensen
& Associates, Inc.,

   Defendants.

  Thomas J. Lyons, Jr., Esq., Consumer Justice Center, 342 County Road D East, Little Canada, MN 55117 and Peter F. Barry, Esq., Barry Law Office, 342 County Road D East, Little Canada, MN 55117, counsel for plaintiff.

  Michael A. Klutho, Esq., Christopher R. Morris, Esq. and Bassford, Lockhart, Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, counsel for defendants.

  This matter is before the court upon the motion of defendants to dismiss for lack of subject matter jurisdiction and to compel acceptance of offer. Defendants also move for dismissal of defendant Richard D. Seierstad ("Seierstad") for lack of service. For the following reasons, the motion to dismiss for lack of subject matter jurisdiction is granted, the motion to compel acceptance of offer is denied and the motion to dismiss defendant Seierstad for failure of service is denied as moot.

**BACKGROUND**

Seierstad is an attorney licensed to practice in the State of Minnesota. He does business as defendant Law Offices of Richard D. Seierstad, Esq. ("Law Offices"). Defendant J.C. Christensen and Associates, Inc. ("JCC") is a corporation registered in the State of Minnesota engaging in debt collections. Plaintiff Jesse Fabio ("Fabio") is a resident of the State of Minnesota.

In March 2002, plaintiff became delinquent on a debt for personal medical services. The original creditor assigned or transferred the debt to defendants. Defendants sent a debt collection letter to plaintiff on or about March 13, 2002. In his class complaint, plaintiff alleges that defendants' letter violates several provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant JCC served plaintiff with its answer denying the allegations, together with an offer of judgment pursuant to Fed. R. Civ. P. 68. Plaintiff refused the offer. Law Offices filed its answer, also denying the allegations, several weeks later.[1] Defendants now move for dismissal on the grounds of lack of subject matter jurisdiction, contending that the matter became moot as a result of the Rule 68 offer. Although plaintiff filed a class complaint, he has not moved for class certification.

---

[1] Seierstad did not file an answer individually, presumably because he has not been personally served with the complaint.

**DISCUSSION**

I. **Subject Matter Jurisdiction**

The court recently considered the effect of a valid Rule 68 offer of judgment to a named plaintiff in a putative class action. See Order of June 6, 2003 Jones v. CBE Group, Inc., Case No. 02-4202(DSD/SRN) [Doc. No. 28]. In that case, also brought under the FDCPA, the court found that a complete Rule 68 offer made to the sole named plaintiff before the class was certified was sufficient to moot the entire action. See id.

Here, plaintiff's individual damages were limited by statute to $1,000 plus costs and fees.[2] See 15 U.S.C. § 1692k(a). JCC's Rule 68 offer was for $3,000 plus reasonable costs and fees through the date of the offer. (See Morris Aff. Ex. A.) Since JCC offered plaintiff more than he could have been awarded had he prevailed at trial, there was no additional relief the court could have provided to him.[3] Once there is no justiciable controversy between the parties the matter becomes moot and the court is divested of jurisdiction. See U.S. Const. Art. III § 2; United States Parole

---

[2] Although plaintiff alleges "out of pocket expenses" entitling him to an award of actual damages, he does not identify or substantiate the alleged expenses and his prayer for relief does not in fact seek actual damages. (See Compl. at 6-7.)

[3] Based on the court's order of June 6, 2003 in Jones v. CBE Group, Inc., Case No. 02-4202(DSD/SRN), plaintiff would not be entitled to a share of any potential award to the unnamed class members or to declaratory relief under the FDCPA and Fed. R. Civ. P. 23. Therefore, JCC's Rule 68 offer fully satisfied plaintiff's demand for relief.

Commission v. Geraghty, 445 U.S. 388, 395 (1980). Therefore, defendants' motion to dismiss is granted.

## II. Motion to Compel Acceptance of Offer

Defendants have moved to compel plaintiff to accept the Rule 68 offer. However, Rule 68 states that an offer not accepted within ten days is deemed withdrawn. See Fed. R. Civ. P. 68. The court finds no legal basis to compel plaintiff to accept an offer that has been withdrawn by operation of law. Defendants' motion to compel acceptance of the Rule 68 offer is therefore denied.

## III. Motion to Dismiss Defendant Seierstad for Failure of Service

Pursuant to Fed. R. Civ. P. 4(m), if a plaintiff fails to properly serve a summons and complaint upon a defendant within 120 days of filing the complaint with the clerk of court, the court shall dismiss the action. Seierstad claims he was not served in accordance with the provisions of Rule 4(e) and more than 120 days have elapsed since the complaint was filed. If so, the action must be dismissed without prejudice as to Seierstad. However, because the entire action has been dismissed for lack of subject matter jurisdiction, the motion to dismiss as to defendant Seierstad is denied as moot.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.  Defendants' motion to dismiss the action for lack of subject matter jurisdiction [Doc. No. 9] is granted.

2.  Defendants' motion to compel acceptance of offer [Doc. No. 9] is denied.

3.  Defendants' motion to dismiss defendant Seierstad for failure of service [Doc. No. 9] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 17, 2003

_____
David S. Doty, Judge
United States District Court